IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STATE OF NEW MEXICO,
ex rel. HECTOR H. BALDERAS,
Attorney General

        Plaintiff,

v.                                                                             1:16-cv-00147-MCA-LF

VOLKSWAGEN GROUP OF AMERICA, INC.;
VOLKSWAGEN AG; AUDI OF AMERICA, LLC;
AUDI AG; PORSCHE CARS NORTH AMERICA, INC.;
PORSCHE AG,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
**OVERRULING PLAINTIFF'S OBJECTIONS TO THE ORDER TO STAY**

THIS MATTER comes before the Court on plaintiff State of New Mexico's Objections to Magistrate Judge Laura Fashing's order staying this case pending transfer to the Judicial Panel on Multidistrict Litigation (MDL), which was fully briefed on April 15, 2016. Having reviewed the parties' submissions and being fully advised in the premises, the Court finds that the magistrate judge's decision to stay this case pending transfer to the MDL Panel is neither clearly erroneous nor contrary to law. Therefore, plaintiff's objections are overruled and the case will remain stayed pending transfer.

Section 636(b) provides that a party may file written objections to a magistrate judge's proposed findings and that a district judge will make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which an objection is made. The district judge may accept, reject or modify the magistrate judge's proposed findings and/or recommendations. 28 U.S.C. § 636(b). Under Rule 72(a) of the Federal Rules of Civil

Procedure, when a magistrate judge rules on a nondispositive matter and a party files objections, the district court reviews the magistrate judge's order under the "clearly erroneous or contrary to law standard." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus*., 847 F.2d 1458, 1461–62 (10th Cir. 1988)); 28 U.S.C. §§ 636(b)(1)(A); FED. R. CIV. P. 72(a).  This standard "requires that the reviewing court affirm unless it ... is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp*., 847 F.2d at 1464 (quotation omitted).  "The clearly erroneous standard is intended to give the magistrate a free hand in managing discovery issues." *Harrington v. City of Albuquerque*, 2004 WL 1149494 at *1 (D.N.M. May 11, 2004) (internal citation omitted).

      The magistrate judge applied the three factors used in *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358 (C.D. Cal. 1997), to determine that the case should be stayed pending transfer to the MDL.  Doc. 21 at 2–3.  Plaintiff contends that the decision to stay this case was contrary to law because the magistrate judge did not apply the approach used in *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1048–49 (E.D. Wis. 2001).  Doc. 22 at 1–2, 4–6.  Plaintiff alternatively argues that the magistrate judge failed to properly assess the three *Rivers* factors.

      *Meyers* is not controlling in this district.  In *Meyers*—a case from the Eastern District of Wisconsin—the court followed a three step approach that began with a preliminary assessment of the pending motion to remand.  *See Meyers*, 143 F. Supp. 2d at 1048–49.  Plaintiff contends that the magistrate judge should have made a preliminary assessment of the pending motion to remand.  As my colleague Judge Gonzales has pointed out, however, "more judges in this district apply the *Rivers* factors in deciding whether to grant a stay pending transfer to an MDL court than apply the *Meyers* approach." *Torres v. Johnson & Johnson*, 1:14-cv-00743-KG-RHS, 2014

WL 6910478, at *2 (D.N.M. Sept. 16, 2014); *see also Avants v. Prospect Mortgage*, *LLC,* 1:13-cv-00376-WJ-KBM, Doc. 34 at 3 (D.N.M. Oct. 9, 2013) (applying *Rivers*); *Martinez v. Merck & Co.*, 6:05-cv-00633-JCH-WDS, Doc. 23 at 3-4 (D.N.M. July 14, 2005) (same); *Pace v. Merck & Co.*, 1:04-cv-01356-MCA-ACT, 2005 WL 6125457, at *1 (D.N.M. Jan. 10, 2005) (Armijo, J.) (same).

Even the *Meyers* court recognized that although a federal court lacks the authority to decide the merits of a case unless it has jurisdiction, a court is not powerless to take any action before verifying that it has jurisdiction.  *See Meyers*, 143 F. Supp. 2d at 1046–47 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–101 (1998)).  "[G]ranting a stay is not adjudicating the merits of a case," and precedent does not require "resolving jurisdictional matters before considering whether to grant a stay motion."  *Meyers*, 143 F. Supp. 2d at 1047.  Accordingly, it was neither clearly erroneous nor contrary to law for the magistrate judge to apply the three *Rivers* factors to determine whether to stay this case.

Plaintiff next argues that the magistrate judge failed to properly assess the *Rivers* factors.  The three *Rivers* factors include: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated."  *Rivers*, 980 F. Supp. at 1360.  Plaintiff contends that it is prejudiced by an indefinite delay of a determination on their motion to remand, that there is little or no prejudice to defendants because they have already responded to the motion, and that the jurisdictional question in this case is distinct from the jurisdictional questions arising in the companion consumer cases amassing in the MDL.  Doc 28 at 4.

First, plaintiff fails to show that it is prejudiced by an "indefinite delay" of a determination on the motion to remand.  There is no way to predict with accuracy when any court may rule on a pending motion.  Not knowing when a court may rule on a motion does not constitute prejudice to plaintiff.  On the other hand, the potential prejudice to defendants in terms of duplicative motions practice and discovery outweighs plaintiff interest in a speedy determination of their motion.  Finally, it would be a waste of this Court's judicial resources to consider a motion to remand on a case that ultimately may be transferred to the MDL.  Following remand, the MDL judge—who is familiar with the circumstances arising from the defeat device and the federal law at issue—will rule on the motion to remand.  There is no need to duplicate work or risk inconsistent results.  As the magistrate judge points out, staying this matter does not foreclose the state's jurisdictional challenge because the MDL court will provide a forum for the motion to remand.  Doc. 21 at 3.  I am not convinced that the magistrate judge's assessment of the *Rivers* factors was clearly erroneous or contrary to law.

WHEREFORE, Plaintiff's objections are overruled and this case shall remain stayed pending transfer to the MDL.

IT IS SO ORDERED.

_____
United States District Judge